IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| LAWASKI D. CHANNEL #662763 § | |
| § | |
| V. § | CIVIL ACTION NO. G-05-498 |
| § | |
| JERRY DEERE, ET AL. § | |
| § | |

### REPORT AND RECOMMENDATION

Plaintiff Lawaski D. Channel, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The particularity with which Plaintiff has pleaded his claim makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having thoroughly reviewed Plaintiff's complaint, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

In this case, Plaintiff alleges that Brazoria County District Clerk Jerry Deere falsified his notice of appeal on February 26, 2002, through March 28, 2002, and destroyed his Motion for

1

Appointment of Counsel. Plaintiff has also named the State of Texas as a Defendant and seeks monetary damages.

"The statute of limitations for a suit brought under Section 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.2d 567, 576 (5th Cir. 2001). In light of Texas' two-year statute of limitations for personal injury claims, Plaintiff had two years from the date that his Section 1983 claims accrued to file suit. *Id.* Accrual of a Section 1983 claim is governed by federal law and begins to run "the moment the Plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further." *Id. at 576.*

Under the facts presented by Plaintiff, all claims against Deere accrued in early 2002. If an error had occurred in Plaintiff's appeal, Plaintiff would have been well aware of such prior to the deadline in which to file a direct appeal or writ of habeas corpus. He has presented no facts to suggest otherwise. It clearly appears to this Court that the claims against Deere are time-barred and should be summarily dismissed. "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statue of limitations, those claims are properly dismissed pursuant to § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

Plaintiff's claim for damages against the State of Texas must also be dismissed. States are not "persons" subject to liability under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

For the aforementioned reasons, it is the **RECOMMENDATION** of this Court that the instant cause be **DISMISSED with prejudice as time-barred**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **February 1, 2006,** in which to have written objections **physically on file** in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the \_\_\_11th\_\_\_ day of January, 2006.

*[signature]*

John R. Froeschner
United States Magistrate Judge